

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SORRELL CARR,

                Plaintiff,

v.                                           Civil Action No. 3:11CV284 (REP)

WILLIAMS & FUDGE, INC.,
Serve: Gary L. Williams
       Registered Agent
       WILLIAMS & FUDGE, INC.
       300 Chatham Avenue
       Rock Hill, SC 29730

                Defendant.

## COMPLAINT

### I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant debt collector's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

In this case, the abusive tactics of the Defendant, a debt collection law firm, in failing to provide the validation notices as required by 1692(g)(a), and failing to report the debt as disputed to the credit reporting agencies, despite Plaintiff disputing the debt, are examples of the types of abusive collections practices that Congress attempted to

prevent via passage of the FDCPA. This Complaint requests the award of Plaintiff's statutory and actual damages caused by the defendant debt collector's violations of this law.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337. Venue in this District is proper in that the Defendant transacted business in this state and the plaintiff chooses to bring this action here.

## III. PARTIES

3. Plaintiff, Sorrell Car, is a natural person residing in Fort Belvoir, Virginia.

4. Defendant, Williams & Fudge, Inc. is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Rock Hill, South Carolina. One of the principal purposes of Williams & Fudge, Inc. is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

6. In the fall of 1999, Plaintiff was involved in an auto accident and underwent medical care that forced him to withdraw his enrollment from Howard University. He contacted Howard University by telephone immediately and informed

them of his desire to withdraw and the representative from the school stated that they would handle the withdrawal. Plaintiff did not hear from Howard University again until he contacted them in 2010 after receiving communication from Defendant related to an unpaid balance with Howard University.

7. In July 2010, Defendant first contacted Plaintiff by telephone calling his home phone. Plaintiff's wife answered the phone and a collector working for the Defendant said he was calling to collect a debt for Howard University in the amount of $5,899 and to have Plaintiff contact them as soon as possible.

8. Later that month, Plaintiff called Defendant back and left a voicemail asking Defendant to return his call and provided his cell phone number.

9. Plaintiff reviewed his credit report and discovered that Defendant had reported the alleged debt to the credit reporting agencies. A copy of the screen shot showing credit report alert details related to Defendant's reporting of the alleged debt is attached as **EXHIBIT A**. Plaintiff became very concerned because a negative credit rating can impact his clearance status as a government employee.

10. In July 2010, Plaintiff contacted Howard University and explained that he was receiving calls from the Defendant regarding tuition that he allegedly owed from 1999 when he had withdrawn because of medical issues related to an auto accident. He explained that he had not heard from Howard University in the intervening years and was

3

disturbed that his request for a withdrawal was not handled properly. Plaintiff and Howard University have communicated and continue to communicate directly with each other regarding the status of the alleged debt.

11. On August 27, 2010 at 10:47 a.m., a male collector working for the Defendant called Plaintiff's cell phone. Plaintiff stated to the collector that he had contacted Howard University and had disputed the debt and explained that he was working with them on the status of the debt. The collector stated he had not received that information from Howard and Defendant would do anything to collect the debt including reporting the debt to his credit reporting agency, and Plaintiff believed this was a threat to also file suit.

12. Shortly thereafter, also on August 27, 2010, Plaintiff called Defendant back and stated that he did not want to receive any more calls from Defendant's office. A copy of Plaintiff's Sprint cell phone bill call details showing the two calls to and from Defendant is attached as **EXHIBIT B**.

13. Neither in the initial communication from Defendant nor within five (5) days thereafter, did Plaintiff receive the validation notices from Defendant, including the right to dispute the debt within thirty (30) days as required by 1692(g)(a).

14. In February 2011, Plaintiff sent Defendant a letter via certified mail stating that he wanted verification of the alleged debt, since he had disputed it since August 2010. A copy of Plaintiff's letter and the certified mail receipt are attached as **EXHIBIT C.**

15. Despite Plaintiff disputing the debt verbally and in writing, Defendant continues to report the alleged debt to credit agencies. A copy of Plaintiff's credit report as of March 15, 2011 is attached as **EXHIBIT D**.

16. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Failing to provide the validation notices required by the FDCPA at the time of initial communication which occurred in April 2010, or in writing within five days thereafter §1692(g)(a);

b) Despite Plaintiff communicating to Defendant in August 2010 that the debt was disputed, failing to communicate to the credit reporting agencies that the debt is disputed. §1692(e)(8);

c) The unconscionable collection of any amount unless authorized by an agreement creating the debt or by law by attempting to collect on a debt that is over eleven years old. §1692(f)(1).

17. As a result of the abusive and deceitful acts of the Defendant alleged above, including failing to communicate that he disputed the debt to credit reporting agencies, Plaintiff suffered actual damages, including embarrassment and emotional distress.

5

## V. FIRST CLAIM FOR RELIEF

18. Plaintiff realleges and incorporates by reference the preceding paragraphs.

19. Defendant violated the FDCPA as noted above.

20. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for his actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. §1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

**Respectfully submitted,
SORRELL CARR**

_____
Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff